IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BANCROFT LIFE & CASUALTY ICC, LTD., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 10-704 ) |
| INTERCONTINENTAL MANAGEMENT, LTD d/b/a INTERCONTINENTAL CAPTIVE MANAGEMENT COMPANY, LTD., INTERCONTINENTAL MANAGEMENT, LTD., THE ROBERTS AND PATTON LAW FIRM, JOHN R. PATTON, ESQUIRE, GEORGE THOMAS ROBERTS, ESQUIRE, NIGEL BAILEY, CUNNINGHAM HUGHAN & COMPANY, INC. and THOMAS HUGHAN, C.P.A., | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

PRELIMINARY INJUNCTION ORDER

AND NOW, this 21st day of December, 2010, in accordance with the Opinion filed this date, it is hereby ORDERED as follows:

1. The motion of Plaintiff, Bancroft Life & Casualty ICC, Ltd., for preliminary injunctive relief against Defendants Intercontinental Captive Management Company, Ltd., Intercontinental Management, Ltd., The Roberts and Patton Law Firm, John R. Patton, Esquire, George Thomas Roberts, Esquire and Nigel Bailey is GRANTED.

2. The Injunction Defendants are directed to immediately return any Bancroft property remaining in their physical or constructive possession, including:

a. Bancroft's QuickBooks records for the years prior to 2008;

b.   all loan documents, including promissory notes,

financing statements, security agreements and payment

records, in connection with the commercial loans made by

Bancroft to its insureds;

c.   all minutes of IC board of directors' meetings;

d.   all executed documents relating to the formation and

organization of each Bancroft IC;

e.   all of Bancroft's bank statements;

f.   all records of claims paid to Bancroft's insureds;

g.   any releases executed by Bancroft's insureds;

h.   records of fees collected by ICMC from any of Bancroft's

ICs since January 1, 2010; and

i.   all correspondence, including emails, by and between

ICMC and Bancroft's ICs and other insureds.

3.   With respect to the computer server located at ICMC's

offices which was dedicated solely to Bancroft's records, the

Injunction Defendants shall permit Bancroft's computer forensic

expert (who has been approved by the Injunction Defendants) to

copy the contents of the server onto an alternative storage

medium for his or her ease of review.  The expert shall then make

a determination of those files on the server which he or she

believes belong to Bancroft and seek the Injunction Defendants'

consent to disclose those files to Bancroft.  Any files

identified by the computer forensic expert as belonging to

Bancroft which the Injunction Defendants contend should not be

disclosed to Bancroft shall be submitted to the Court for an *in camera* review and determination.

4.   The Injunction Defendants are enjoined from any further interference in Bancroft's efforts to maintain and manage its licensed ICs.  In this regard, the Injunction Defendants are enjoined from any business communications with Bancroft's ICs while they continue to operate under Bancroft's St. Lucia insurance license.  The Injunction Defendants are further enjoined from taking any action to encourage or facilitate the transfer of any Bancroft IC to another insurance company licensed to do business as an ICC.  Finally, the Injunction Defendants are directed to account for all fees received from Bancroft's ICs since January 1, 2010.

5.   Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, Bancroft shall post security in the amount of $50,000.00 to pay the costs and damages sustained by any party found to have been wrongfully enjoined by this Order.

William L. Standish
United States District Judge