IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BANCROFT LIFE & CASUALTY ICC,
LTD,

        Plaintiff,

v.

INTERCONTINENTAL MANAGEMENT
LTD, et al.,

        Defendants.

10cv0704
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER

In accordance with this Court's prior Order (doc. no. 334), the Hughan Defendants and Plaintiff timely filed separate Motions to Compel. See doc. nos. 337 and 338, respectively. The Hughan Defendants subsequently filed a Motion to Withdraw its Motion to Compel and the Motion to Withdraw was granted thereby mooting doc. no. 337. See Court Order at doc. no. 345.

The only remaining Motion to Compel is Plaintiff's, which seeks numerous documents from the ICMC Defendants. See doc. no. 338. The ICMC Defendants filed a non-responsive Response to Plaintiff's Motion to Compel at doc. no. 344. In fact, the document filed by the ICMC Defendants at doc. no. 344 incorporated a two Motions – one for an Extension of Time to Further Respond to Plaintiff's Motion to Compel, and one seeking access to doc. no. 339 (Plaintiff's Brief in Support of its Motion to Compel).

For the reasons set forth below, the Court will grant the Plaintiff's Motion to Compel and will Order the ICMC Defendants to produce all of the documents requested by Plaintiff in its Motion to Compel, and will deny the ICMC Defendants two motions.

In doc. no. 344, the ICMC Defendants first assert that they previously produced all of the documents which Plaintiff seeks via its Motion to Compel – with the exception of certain "confidential financial information." The ICMC Defendants further claim that Plaintiff is merely using its "superior resources" to "litigate the ICMC Defendants into the ground." See doc. no. 344, ¶¶ 3-4. In contrast to this position, Plaintiff's Motion to Compel asserts that the ICMC Defendants are in possession of documents which have never been produced during the lengthy discovery process. Given that neither party has placed any evidence before this Court in support of either position, the Court will order that all documents sought by Plaintiff in its Motion to Compel be produced. If, at the close of this litigation, the ICMC Defendants wish to move for sanctions against Plaintiff and proffer evidence that Plaintiff's Motion to Compel (doc. no. 338) was in fact filed in bad faith, the Court would entertain such a Motion for Sanctions.

In doc. no. 344, the ICMC Defendants also claim that some of the documents demanded by Plaintiff contain "confidential financial information." See doc. no. 344, ¶ 5. Given that representations were made to this Court at the status conference on September 26, 2012, by counsel for the ICMC Defendants concerning the near insolvency of some or all of the ICMC Defendants, the Court finds that these Defendants could benefit from proving their dire financial condition to the Plaintiff in an effort to end this litigation.

Finally, this Court notes that at the September 26, 2012, status conference, counsel for all of the parties were present and expressed they understood the Court's discovery and trial timelines. As noted above, the ICMC Defendants' "response" to the Plaintiff's Motion to Compel sought additional time to respond, purportedly because they could not access doc. no. 339, which was Plaintiff's Brief in Support of the Motion to Compel. The document filed at doc. no. 339 was restricted by the Clerk of Courts because it only consists of a single page of

Plaintiff's Brief in Support of the Motion to Compel.  A complete copy of Plaintiff's Brief in Support of its Motion to Compel was filed thirty-four minutes later as an errata to doc. no. 339 at doc. no. 340.  This is evident from the docket itself and counsel for all of the parties (including counsel for the ICMC Defendants) were notified via email at 12:44 p.m. EDT on October 1, 2012.  Thus, the ICMC Defendants have had complete access to the Brief in Support of the Motion to Compel and all other documentation necessary to respond to the pending Motion to Compel since shortly after noon on October 1, 2012.   Accordingly, the portion of doc. no. 344 which can be construed as the ICMC Defendants' Motion to Gain Access to doc. no. 339, will be denied as moot.

  The deadlines set by this Court at the September 26, 2012, status conference were made with the participation, input, and cooperation of the parties.  As such, the Court believed the parties would adhere to the discovery schedule so that depositions and mediation(s) could be meaningful and fruitful.  As the Court explained during the status conference, the timetable is important so that each party will have all that is necessary to complete discovery and proceed to mediation and/or trial in a cost-effective and expedient manner.  Given the representations made by counsel for the ICMC Defendants during the September 26, 2012 status conference concerning a key witness/party who is gravely ill, the Court emphasized the importance of cooperation among the parties in all discovery matters so that depositions could occur in the very near future.  Accordingly, the Court reiterates that it will not delay discovery for reasons such as those set forth in doc. no. 344 pertaining to the alleged inability to review an erroneously filed document.  Accordingly, those portions of the ICMC Defendants' Response to Plaintiff's Motion to Compel (doc. no. 344) seeking additional time to file and access to an erroneously filed document will be denied.

**ORDER OF COURT**

AND NOW, this 11th day of October, 2012, the Court hereby **GRANTS** Plaintiff's Motion to Compel (doc. no. 338), and **DENIES** the portion of Defendant's Response (doc. no. 344) seeking additional time to respond to the Motion to Compel, and **DENIES AS MOOT** the portion of Defendant's Response (doc. no. 344) seeking access to document number 339, given that doc. no. 339 contains an incomplete copy of Plaintiff's Brief, and a complete copy of the same brief is and has been available to the ICMC Defendants at doc. no. 340.

The ICMC Defendants must make a full and complete production of documents responsive to the Plaintiff's requests as described in the Motion to Compel (doc. no. 338) on or before Wednesday, October 17, 2012.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel