IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BANCROFT LIFE & CASUALTY ICC,
LTD,

      Plaintiff,

      v.

INTERCONTINENTAL MANAGEMENT,
LTD., d/b/a INTERCONTINENTAL
CAPTIVE MANAGEMENT COMPANY,
LTD, et al,

      Defendants.

10cv0704
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER

Currently pending before this Court is Defendant John Patton's and Defendant Nigel Bailey's Motion to Dismiss the Second Amended Complaint.[1] Doc. No. 381. Plaintiff filed a Memorandum in Opposition to this Motion. Doc. No. 385. The matter is now ripe for adjudication.[2] For the reasons set forth below, the Motion to Dismiss will be denied.

**I. Discussion**

Defendants Patton and Bailey argue that all claims set forth in the Second Amended Complaint against them must be dismissed for the following reasons: (1) Plaintiff failed to file an expert report or reports as required by this Court's Amended Case Management Order (doc. no. 335); (2) without expert reports, Plaintiff cannot prove its claims against either Defendant Patton or Bailey; (3) Plaintiff failed to produce any documentation to support its allegations against

---

[1] Although Defendants styled this Motion as a Motion to Dismiss (presumably in accordance with Fed.R.Civ.P. 12), Defendants proffered no law that would support dismissal under that Rule.

[2] Because the Court has prepared this Memorandum Order primarily for the benefit of the parties, no lengthy recitation of the underlying facts needs to be set forth.

Defendants Patton and Bailey; and (4) without documentation to support its claims against Defendants Patton and Bailey, Plaintiff cannot prove its case.  See doc. no. 381.

Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss counters that no expert testimony is necessary to prove its case against Defendants Patton and Bailey given the nature of the claims asserted against these two Defendants.  Plaintiff notes that the Second Amended Complaint asserts a cause of action for fraud, tortious interference with existing contractual relationships, and tortious interference with prospective economic advantage.  Plaintiff also contends that it was not required to respond to Defendants' Request for Production of Documents because Defendants' Request fell outside the discovery period.  More importantly, however, Plaintiff contends that documents which support its claims against Defendants Patton and Bailey were produced during the 2010 preliminary injunction hearing and on October 26, 2012.

Neither the Defendants nor Plaintiff cites to any case law in support of their respective positions.

### A. Expert Reports

The Court begins by noting that the Amended Case Management Order (doc. no. 335) did not require any party to file an expert report, it simply established the deadline for the filing of any expert report(s), should a party deem expert evidence to be necessary to prove its claims and/or counterclaims or assist in its defense.

Next, Federal Rule of Evidence 702 governs the admission of expert testimony in federal court.  The Rule has several major requirements:  (1) the proffered witness must be a qualified expert; (2) the expert must testify about matters requiring scientific, technical, or other specialized knowledge; (3) the expert's testimony must be based on sufficient facts or data and

be the product of reliable principles and methods; and (4) the expert's testimony must actually assist the jury, by providing it with relevant information, necessary to deciding a fact in dispute. See F.R.E. 702.

Whether expert testimony is necessary in any given case is fact driven.  As noted by the United States Court of Appeals for the Tenth Circuit, "[t]here is no fixed or general rule that requires expert testimony.  However, the rule does dictate that where the topic requires special experience, only the testimony of a person of that special experience will be received." *Randolph v. Collectramatic, Inc.,* 590 F.2d 844, 848 (10th Cir. 1979), citing, Wigmore on Evidence, 3rd Ed., Vol. II, §§ 555, 556; Wigmore on Evidence, 3rd Ed., Vol. VII, § 2090.

Turning to the instant matter, although Defendants Patton and Bailey argue that each of the claims asserted against them require expert testimony, they offer no further information. Defendants have failed to assert whether they are contending that expert testimony is needed to assist a jury determine the extent (if any) of damages with respect to one, two, or all three of the claims asserted against them.  Similarly, Defendants have failed to explain to this Court whether experts are necessary to assist the jury in understanding the concept "prospective economic advantage," and/or how damages can flow from this, and/or how to calculate such damages.

Thus, because Defendants failed to identify which element(s) of which tort(s) alleged against Defendants Patton and Bailey cannot be met due to the lack of expert testimony, this Court is constrained to deny Defendants' Motion to Dismiss.  The Court's decision in this regard does not foreclose Defendants from re-asserting its position (*i.e.,* Plaintiff's decision to not present expert evidence with respect to the torts asserted against Defendants Patton and Bailey is fatal to one or more of its claims against them) at time of trial under Fed.R.Civ.P. 50.

### B. Documents

The next argument raised by Defendants suggests that Plaintiff has produced no documentation to support one or more of its claims against Defendants Patton and Bailey. Plaintiff disagrees and contends that the documents that will be used to prove its case against Defendants Patton and Bailey were produced in 2010 and additional documents were produced in 2012. Accordingly, at this juncture, the Court is constrained to deny the Motion to Dismiss, but this decision does not foreclose Defendants from re-asserting their position at time of trial under Fed.R.Civ.P. 50.

### II. Conclusion

Defendants Motion to Dismiss (doc. no. 381) will be denied.

### ORDER OF COURT

AND NOW, this 8th day of November, 2012, the Court hereby **DENIES** Defendants' Motion to Dismiss (doc. no. 381).

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:   All Registered ECF Counsel