IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BANCROFT LIFE & CASUALTY ICC, LTD,

    Plaintiff,

v.

INTERCONTINENTAL MANAGEMENT, LTD., d/b/a INTERCONTINENTAL CAPTIVE MANAGEMENT COMPANY, LTD, et al,

    Defendants.

10cv0704

**ELECTRONICALLY FILED**

## MEMORANDUM ORDER

Before the Court are Plaintiff's Motion to Exclude Defendants' Witnesses and Exhibits (doc. no. 393) and Defendants' Motions in Limine. Doc. No. 394. Defendants filed a Response to Plaintiff's Motion to Exclude Defendants' Witnesses and Exhibits (doc. no. 397), and Plaintiff filed an Opposition to Defendants' Motions in Limine. Doc. No. 396. All of these Motions are now ripe for adjudication.

**I. Introduction**

The Court begins by noting that four of the Defendants – Intercontinental Management, Ltd., d/b/a Intercontinental Captive Management Company, Ltd., The Roberts and Patton Law Firm, John R. Patton, and George Thomas Roberts – have filed for bankruptcy, and thus, will not be available to participate in the upcoming trial of this matter due to the automatic stay.[1]

---

[1] The Court is aware of two Motions requesting relief from stay currently pending before the Bankruptcy Court in two of the four bankruptcy cases. The Court directs the parties to this lawsuit to promptly inform this Court if there is a change in the disposition of the automatic stay with respect to one or more of the four parties to this action currently in bankruptcy.

In addition to four of the Defendants filing for bankruptcy, a recent mediation among Plaintiff and four other Defendants – Cunningham Hughan & Company, Inc., Thomas Hughan, Dernar & Associates, LLC, and David K. Dernar – led Plaintiff to resolve its claims against those four Defendants.

Accordingly, the Court finds (prior to ruling on the numerous Motions in Limine) that only the following claims can be litigated at this time:

(1) Count I – Breach of Fiduciary Duty – against Defendant Patton;

(2) Count III – Fraud – against Defendant Bailey;

(3) Count VII – Legal Malpractice – against Defendant Patton;

(4) Count XI – Tortious Interference with Existing Contracts – against Defendants Patton and Bailey; and

(5) Count XII – Tortious Interference with Prospective Contracts – against Defendants Patton and Bailey.

See Second Amended Complaint, Doc. No. 258.

## II. Defendants' Motions in Limine

### A. Motion to Exclude All Evidence at to Count VII and to Dismiss Count VII (Legal Malpractice Claim against Defendant Patton)

Plaintiff brought at legal malpractice claim against Defendant Patton and others. Defendant Patton has moved to dismiss the legal malpractice claim. Doc. No. 395, pp.1-2. Plaintiff indicated it will not pursue its claim for legal malpractice against Patton during the trial of this case. Doc. no. 396, p. 1. Defendants' Motion to Exclude All Evidence as to Count VII and to Dismiss Count VII (as to Defendant Patton) will be **GRANTED**.

### B. Motion to Exclude all Evidence as to Count I and to Dismiss Count I with Prejudice (Breach of Fiduciary Duty against Defendant Patton)

The law of fiduciary duty as it relates to the attorney-client relationship is not well-differentiated from legal malpractice in Pennsylvania. In Pennsylvania, in order to prove a breach of fiduciary duty, the plaintiff must show: (1) the existence of the relationship, (2) the nature and scope of the relationship, (4) breach of the duty, and (5) resulting damages. See *Rizzo v. Haines*, 555 A.2d 58, 65 (Pa. 1989). Further, expert testimony is needed where it would help the finder of fact to understand an issue that is beyond the knowledge of the average person. *Id*.

Turning to the instant case, Plaintiff's Second Amended Complaint alleges that Defendant Patton breached his fiduciary duties to Plaintiff by, *inter alia,* "failing to inform [Plaintiff] that [Defendant] Patton was never licensed to practice law in Pennsylvania; failing to ensure that [Plaintiff] was in compliance with all laws and regulations governing insurance companies in St. Lucia[.]" Doc. No. 258, ¶ 157(b)-(c). Given these allegations, there appears to be no appreciable difference between the analysis for a breach of fiduciary duty and the analysis for a legal-malpractice claim.

In Pennsylvania, an individual may file a legal malpractice under either a trespass (negligence) or assumpsit (contract) theory. See *Guy v. Liederbach,* 459 A.2d 744, 748 (1983) ("Under present Pennsylvania law, an individual who has an attorney-client relationship may sue his attorney for malpractice under either a trespass or assumpsit theory.").

In a trespass (tort) action, "a plaintiff must establish three elements in order to recover: (1) the employment of the attorney or other basis for duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff." *Bailey v. Tucker,* 621 A.2d 108, 112 (Pa. 1993). See also *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985); *Stacey v. City of Hermitage*, 2008 WL 941642, *4

(W.D.Pa. April 7, 2008; and *Schenkel v. Monheit*, 266 Pa.Super. 396, 399, 405 A.2d 493, 494 (1979).

In an assumpsit (contract) action, the legal malpractice claim is based upon the attorney's breach of the attorney-client agreement when the attorney promises to provide his or her best efforts and fails to do so. *Bailey* at 115.

Generally, under either legal theory, a plaintiff will need expert testimony to prove its legal malpractice claim unless the issue is so simple, or the lack of skill or want of care is so obvious, as to be within the range or an ordinary layperson's experience and comprehension. See *Rizzo v. Haines,* 555 A.2d 58, 67 (Pa. 1989)("Whether proof of negligence arising from pretrial or trial settlement strategy is beyond the comprehension of laypersons and requires expert testimony depends on the particular facts and circumstances of the case."); *Storm v. Golden,* 538 A.2d 61, 64 (Pa.Super. 1988)("As a general rule, our Supreme Court has held that expert testimony is necessary to establish negligent practice in any profession." ) (internal quotations and citations omitted).

Accordingly, based on the foregoing law and authority, and because this Court finds that Plaintiff's breach of fiduciary duty claim as to Defendant Patton is <u>not</u> "so simple or the lack of skill or want of care is so obvious as to be within the range or an ordinary layperson's experience and comprehension," and because Plaintiff has filed no expert report, the Defendants' Motion to Exclude all Evidence as to Count I and to Dismiss Count I with Prejudice this Court will be **GRANTED**. Count I will be dismissed as to Defendant Patton. However, evidence Plaintiff intended to use to prove a breach of fiduciary duty, may be used to prove either of the Tortious Interference claims asserted against Patton.

### C. Motion to Exclude all Evidence as to Counts I, II, III, IV, VI, VII, IX and X, and XI as Violative of the Automatic Stay

As this Court has set forth in the Introduction, prior to deciding the Motions in Limine, the only remaining claims that could be adjudicated were as follows:

(1) Count I – Breach of Fiduciary Duty – against Defendant Patton;

(2) Count III – Fraud – against Defendant Bailey;

(3) Count VII – Legal Malpractice – against Defendant Patton;

(4) Count XI – Tortious Interference with Existing Contracts – against Defendants Patton and Bailey; and

(5) Count XII – Tortious Interference with Prospective Contracts – against Defendants Patton and Bailey.

Based on the Court's rulings with respect to the first Motions in Limine filed by Defendants, Plaintiff may not proceed with its claims for legal malpractice (Count VII) or breach of fiduciary duty (Count I) against Defendant Patton during the trial. However, the Court did not reach its decisions with respect to Counts VII or I, predicated upon the imposition of the automatic stay. In addition, and as noted above, evidence that Plaintiff intended to use to prove a breach of fiduciary duty, may be used to prove either of the Tortious Interference claims asserted against Patton.

Moreover, as noted above, because Plaintiff settled its claims with Defendants Dernar & Associates, LLC, David K. Dernar, Count VI is no longer a claim that can be adjudicated at the time of this trial. Plaintiff's claims for breach of fiduciary duty against ICMC (Count II), conversion against ICMC (Count IV), breach of contract against Defendant Roberts (Count IX), and breach of contract against ICMC (Count X), are all completely stayed due to the bankruptcy proceedings, and will not be tried by this Court at this time.

Accordingly, Defendants' Motion to Exclude all Evidence as to Counts I, II, III, IV, VI, VII, IX and X, and XI as Violative of the Automatic Stay will be **GRANTED IN PART** as to Count I (against breach of fiduciary duty against Defendants Roberts and The Law Firm of Patton and Roberts); Count II (breach of fiduciary duty against Defendant ICMC); Count III (fraud against Defendants ICMC, Roberts, and Bailey); Count IV (conversion against Defendant ICMC); Count VII (legal malpractice against Defendants Roberts and The Law Firm of Patton and Roberts); Count IX (breach of contract against Defendant Roberts); Count X (breach of contract against Defendant ICMC); Count XI (tortious interference with existing contractual relationships against Defendants ICMC, Intercontinental, and Roberts); and Count XII (tortious interference with prospective economic advantage against Defendants ICMC, Intercontinental, and Roberts).

Defendants Motion to Exclude all Evidence as to Counts I, II, III, IV, VI, VII, IX and X, and XI as Violative of the Automatic Stay will be **DENIED IN PART** as to Count III (Fraud against Defendant Bailey); Count XI (tortious interference with existing contractual relationships against Defendants Patton and Bailey); and XII (tortious interference with prospective economic advantage against Defendants Patton and Bailey).

Evidence Plaintiff intended to use to prove Counts I, II, III, IV, VI, VII, IX and X, and XI may be used to prove any remaining claims asserted against Defendants Patton and Bailey, to the extent that the evidence is relevant.

Finally, evidence as to Count VI (pertaining to Defendants Dernar & Associates, LLC, and David K. Dernar) will not be excluded as violative of the automatic stay. Rather, this evidence is deemed to be not relevant given Plaintiff's settlement with Defendants Dernar & Associates, LLC and David K. Dernar. However, should Plaintiff attempt to introduce evidence

that could have been used to prove its claims Defendants Dernar & Associates, LLC and David K. Dernar in order to prove any remaining claims asserted against Defendants Patton and Bailey, the Court will defer ruling on such a matter until time of trial.

### D. Motion to Exclude any Expert Testimony by Nicholas John as to St. Lucia Laws and Regulations and the Captive Insurance and Financial Industries

Defendants Patton and Bailey argue that any testimony proffered by Plaintiff's witness, Nicholas John will be expert in nature. Doc. No. 394, p. 3. Plaintiff contends that Mr. John's testimony concerning an insurance regulator's practices and procedures will be "purely factual in nature and based on first-hand experiences, no expert testimony." Doc. No. 369, p. 3. However, Plaintiff also contends that "even if such expert testimony were required there would [be] no prejudice to Defendants . . . ." Id.

The Court concurs that Mr. John may testify as a lay witness concerning his first-hand knowledge of the facts relevant to this case, but because no expert report was submitted by Plaintiff on behalf of Mr. John, he will not be permitted to testify on his opinions as an expert. Accordingly, Defendant's Motion will be **GRANTED** as to Mr. John's ability to testify as an expert in this case.

### E. Motion to Exclude all Evidence as to the Loan Made to Roberts and any Evidence Supporting the Allegation that Roberts ever Promised to Devote his Full Time and Attention to Bancroft's Business

Plaintiff indicated it will not introduce any evidence regarding a mortgage loan made to Defendant Roberts, nor does it intend to introduce evidence regarding Defendant Roberts' promise to devote his full time and attention to Plaintiff's business. Doc. no. 396, p. 3. Defendants' Motion to Exclude All Evidence as to the Loan Made to Roberts and any Evidence

Supporting the Allegation that Roberts ever Promised to Devote his Full Time and Attention to Bancroft's Business will be **GRANTED**.

      **F.**    **Motion to Exclude all Evidence as to Count II against ICMC to the Extent that Bancroft Argues Defendants Patton and Bailey are Joint and Severally Liable Under Any Ownership Theory and to Dismiss Same With Prejudice**

Defendants next contend that all evidence pertaining to Count II of the Second Amended Complaint which alleges a Breach of Fiduciary Duty against Defendant ICMC must be excluded. As noted above, under the facts presented in this case, this Court has determined that Plaintiff needed expert testimony to prove its breach of fiduciary case in Count I against Defendant Patton. Thus, Defendants' Motion to Exclude all Evidence as to Count II against ICMC to the Extent that Bancroft Argues Defendants Patton and Bailey are Joint and Severally Liable Under Any Ownership Theory and to Dismiss Same With Prejudice will be **GRANTED**. Plaintiff may use any evidence that could have been used to prove a breach of fiduciary claim to prove any of the remaining claims asserted against Defendant Patton.

      **G. Motion to Exclude any Expert Testimony by Stu Anolik as to Any Matter**

Plaintiff contends that it will not introduce any expert testimony proffered by Stu Anolik. Doc. No. 3696, p. 4. Additionally, the Court notes that because no expert report was proffered by Plaintiff on behalf of Stu Anolik, no expert testimony will be admitted at time of trial. Accordingly, Defendants' Motion to Exclude any Expert Testimony by Stu Anolik as to Any Matter will be **GRANTED**.

### H. Motion to Exclude any Expert Testimony by Marc Anolik as to Any Matter

Plaintiff contends that it will not introduce any expert testimony proffered by Marc Anolik. Doc. No. 3696, p. 4. Additionally, the Court notes that because no expert report was proffered by Plaintiff on behalf of Marc Anolik, no expert testimony will be admitted at time of trial. Accordingly, Defendants' Motion to Exclude any Expert Testimony by Marc Anolik as to Any Matter will be **GRANTED**.

### I. Motion to Exclude Any Deposition Testimony by Raymond Hassey or John Joyce

Plaintiff indicated that it will present the deposition testimony of Raymond Hassey and/or John Joyce. Defendants contend that they were unable to obtain the transcripts because (1) they were never produced during discovery despite Defendants' request, and (2) they could not afford to pay for the transcripts. Doc. No. 394, p. 7. However, the Court notes that this case is proceeding against two Defendants who are presumably solvent – Patton and Bailey. They, as of the date of this Memorandum Order, have not filed for bankruptcy. Moreover, Plaintiff indicated that the request for transcripts was not timely made and portions of the transcripts were, in fact, attached to Plaintiff's Pre-Hearing Statement (doc. no 388). Doc. no. 396, p. 4.

For the foregoing reasons, Defendants' Motion to Exclude Any Deposition Testimony by Raymond Hassey or John Joyce will be **DENIED**.

### J. Motion to Exclude any Evidence as to Any IRS Challenges to Bancroft's Clients

Defendants contend that Plaintiff intends to present evidence which would tend to show any "IRS challenges of [Plaintiff's] clients." Doc. No. 394, p. 7. Defendants argue that "no

9

documents exist in the documents Plaintiff has stated . . . that it intends to use …" and thus concludes that any "IRS challenge" documents must be excluded. Plaintiff did not respond to this argument. Accordingly, Defendants' Motion to Exclude any Evidence as to Any IRS Challenges to Bancroft's Clients will be **GRANTED**.

K. **Motion to Exclude any Expert Testimony by Any Actuary as to Any Matter**

Plaintiff contends that it will not introduce any expert testimony proffered by an actuary. Doc. No. 3696, p. 4. Additionally, the Court notes that because no expert report was proffered by Plaintiff on behalf of an actuary, no expert testimony will be admitted at time of trial. Accordingly, Defendants' Motion to Exclude any Expert Testimony by any Actuary as to Any Matter will be **GRANTED**.

L. **Motion to Exclude any Expert Testimony by Anyone as to Any Matter Related to Defamation and Defamation *Per Se***

Defendants argue that Plaintiff should not be permitted to elicit expert testimony concerning defamation. Doc. No. 394, p. 8. Plaintiff contends that it does not need expert testimony to prove defamation. Doc. no. 396, p. 5. Although the Court agrees that expert testimony is not necessary to prove defamation, defamation is <u>not</u> a cause of action that will be tried in this case.

Any statement that any party or witness made that is relevant to any of the remaining claims may be proffered by any party. However, the Court will not permit any statement(s) to be characterized as "defamatory."

For these reasons, Defendants' Motion Exclude any Expert Testimony by Anyone as to Any Matter Related to Defamation and Defamation Per Se will be **GRANTED.**

**M.     Motion to Exclude Any Evidence as to Count VIII and to Dismiss Same**

Defendants contend that all evidence as to Count VIII, a defamation claim which had been asserted against Defendants ICMC, Intercontinental, and Roberts, should be excluded. Doc. no. 394, p. 9.  Plaintiff contends that Defendants Patton and Bailey made defamatory statements and in doing so, intentionally interfered with Plaintiff's business.  Doc. No. 396, p. 5.

This Court notes that because each of the Defendants against whom Count VIII was asserted have filed for bankruptcy, this entire claim will not be tried at this time due to the automatic stay.  However, to the extent that any of the same evidence which could have been used to prove a defamation claim against Defendants ICMC, Intercontinental, and Roberts, can be used to prove Defendants Patton and/or Bailey intentionally interfered with Plaintiff's business, such evidence will be allowed, but may not be characterized as "defamatory."

Accordingly, Defendants' Motion to Exclude Any Evidence as to Count VIII and to Dismiss Same will be **DENIED IN PART.**  However, evidence which could support a defamation claim against Defendants ICMC, Intercontinental, and Roberts may be proffered if it also tends to prove that Defendants Patton and/or Bailey intentionally interfered with Plaintiff's business.  The Motion to Exclude Any Evidence as to Count VIII and to Dismiss Same will be **GRANTED IN PART** in that no claim for defamation will proceed at this trial.

**III. Plaintiff's Motion to Exclude Defendants' Witnesses and Exhibits**

Plaintiff contends that Defendants must be precluded from presenting any evidence at the time of trial. In support of this position, Plaintiff notes that Defendants' Pretrial Statement (doc. no. 392) did not comply with LCvR 16.1 in that it failed to: (1) identify the person(s) who Defendants plan to call to testify at trial on their behalf, and (2) identify by some means any documentation that could be offered into evidence. Doc. No. 393, p. 4. Plaintiff further notes that Defendants' pretrial statement consists of a twenty-three page narrative which, *inter alia,* outlines Plaintiff's alleged business history starting in 2002-2003, and claims that many of the statements contained therein were stricken from a prior filing by Judge Standish.[2] See Doc. No. 393, generally.

In response to Plaintiff's Motion, Defendants essentially argue that they are hampered by insufficient funds to adequately defend themselves, and primarily claim they cannot "afford" to pay for the amount of work that defending this case entails. See doc. no. 397, generally. In addition, Defendants argue that there will be no surprise witnesses or exhibits and they contend that Plaintiff is moving to exclude all of Defendants' evidence in an effort to conceal wrongdoing on Plaintiff's part. Id.

This Court previously ordered that Defendants fully comply with LCvR 16.1 by Tuesday, November 27, 2012. Should the Defendants fail to comply with this Order, Plaintiff may renew its Motion to Exclude Defendants' Witnesses and Exhibits.

Accordingly, the Court will defer ruling on this Motion until the first pre-trial conference, scheduled for Wednesday, November 28, 2012, at 8:30 a.m.

---

[2] This case was originally assigned to Judge Standish in 2010, when it incepted, but was reassigned to this Court in September of 2012, upon Judge Standish's retirement.

**IV. Conclusion**

Given the decisions reached by this Court on the parties' respective Motions in Limine for the reasons stated above, the following three claims advanced by Plaintiff are currently the only claims that will be adjudicated at the trial of this matter:

(1) Count III – Fraud – against Defendant Bailey;

(2) Count XI – Tortious Interference with Existing Contracts – against Defendants Patton and Bailey; and

(3) Count XII – Tortious Interference with Prospective Contracts – against Defendants Patton and Bailey.


<u>s/ Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel